Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No. 9411
**HAINES & KRIEGER, LLC**
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
(702) 880-5554
(702) 385-5518 (fax)
georgehaines@hainesandkrieger.com
*Attorneys for Katherine Wasmund*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Katherine Wasmund, | Case No.: |
| Plaintiff, | **Complaint for Damages and Injunctive Relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.** |
| v. | |
| OneMain Financial Group, LLC, | |
| Defendant. | **Jury trial demanded** |

### Introduction

1.  Katherine Wasmund ("Plaintiff"), by counsel, brings this action for damages resulting from the unlawful actions of OneMain Financial Group, LLC ("Defendant"), in negligently and/or intentionally contacting Plaintiff on

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

Plaintiff's cellphone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

4. *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13; *see also Mims*, 132 S. Ct. at 744.

6. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

9. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

11. This action arises out of Defendant's violations of the TCPA.

12. Defendant is subject to personal jurisdiction in Nevada, as it is conducts business in Nevada and attempted to contact Plaintiff in Nevada.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

## Parties

14. Plaintiff is a natural person who lives in Clark County, Nevada.

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant is a debt collection company and is a "person," as defined by 47 U.S.C. § 153(39).

17. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company and owner (or frequent user) of one or more of the telephone numbers

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

COMPLAINT                           — 3 —

used by Defendant to make telephone calls to Plaintiffs in violation of the TCPA.

**Factual Allegations**

18. Within four years prior the filing of this complaint, without any prior express consent to call, Defendant called Plaintiff's cellphone numerous times.

19. Specifically, in early 2020, Plaintiff instructed Defendant to stop contacting her on her cellphone. In this way, Plaintiff revoked any consent that Defendant may have previously had to call Plaintiff on her cellphone.

20. Nevertheless, Defendant continued to repeatedly contact Plaintiff on her cellphone, including in March 2020, knowing that Plaintiff demanded that the calls and text messages cease.

21. Defendant placed these calls using an automatic telephone dialing system ("ATDS") and/or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

22. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

23. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. The ATDS used by Defendant also has the capacity to dial telephone numbers stored as a list or in a database without human intervention.

25. Defendant's calls were placed to a telephone number assigned to a cellphone service for which Plaintiff incurred a charge pursuant to 47 U.S.C. § 227(b)(1).

26. The calls were unwanted by Plaintiff.

27. Defendant did not have prior express written consent to place the calls to Plaintiff.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

28. Through Defendant's conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

29. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted calls using an ATDS.

30. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cellphone by occupying the cellphone with one or more unwanted calls, causing a nuisance and lost time.

31. Defendant's calls to Plaintiff's cellphone numbers were unsolicited by Plaintiff and without Plaintiff's permission or consent.

32. Plaintiff is informed and believes and thereupon allege, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

33. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

34. Further, Defendant's violations also caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance from Defendant's pre-recorded voice which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's

cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

**First cause of action**

**Negligent Violations of the TCPA**

**47 U.S.C. § 227,** *et seq.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Second cause of action**

**Knowing and/or Willful Violations of the TCPA**

**47 U.S.C. § 227,** *et seq.*

39. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

COMPLAINT                           — 6 —

42. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### Prayer for relief

43. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Award statutory damages of $500.00 for each and every negligent violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B);

- Award statutory damages of $1,500.00 for each and every knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C);

- Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and

- Any other relief that this Court deems just and proper.

### Jury Demand

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 29, 2020.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Katherine Wasmund*

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

COMPLAINT